UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE RUSSELL REIFF**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant. | Case No. 25-cv-539 (CRC) |

## MEMORANDUM OPINION

Former State Department employee George Russell Reiff, Jr. challenges the government's handling of his application for retirement benefits and its eventual calculation of his deferred annuity payments. Lacking subject matter jurisdiction over Reiff's claims, the Court will grant the government's motion to dismiss.

### I. Background

This case involves two federal government retirement systems: the Civil Service Retirement System ("CSRS") and the Foreign Service Retirement and Disability System ("FSRDS"). Civilian federal employees who entered covered service before January 1, 1987, are eligible to participate in the CSRS. 5 U.S.C. § 8331.[1] The FSRDS is reserved for retirees from the foreign service. 22 U.S.C. § 4043.

Plaintiff George Russell Reiff, Jr. retired from the State Department after a 15-year career. Compl. ¶ 34. Upon his retirement, a State Department representative informed him that he could apply for retirement benefits under either the CSRS or the FSRDS. Id. He chose the

---

[1] The CSRA was replaced by the Federal Employees Retirement System for employees who entered covered service on or after January 1, 1987. See Office of Personnel Management, CSRS Info., https://perma.cc/764C-H7RB.

latter, applying in the fall of 2020 to receive deferred annuity payments under the FSRDS. Id. ¶¶ 11–12. Things apparently went downhill from there. According to Reiff, the State Department initially failed to process his request to credit some of the contributions that he had made to the CSRS in calculating his FSRDS annuity. Id. ¶¶ 33, 37, 44. It also lost his original application materials, forcing him to resubmit them. Id. ¶¶ 18, 19. Due to these and other bureaucratic snafus, Reiff reports that he did not receive his first annuity payment until March 2024, three and a half years after he first applied. Id. ¶ 66. And even then, Reiff claims, the payment did not account for some of the contributions he made to CSRS over his tenure with the State Department. Id. ¶ 67(a).

Representing himself, Reiff filed suit against the United States in February 2025. The nub of his complaint is that the government's conduct resulted in a "hybrid retirement solution[,] the benefits of which were less than those which should have transpired under Plaintiff's original FSRDS deferred annuity application package[.]" Id. ¶ C. The complaint advances three claims under the Federal Tort Claims Act ("FTCA") and District of Columbia law for negligence, breach of fiduciary duty, and negligent supervision. See id. ¶¶ 72, 79, 84. Reif seeks $550,000 in damages for the consequences of "unrecognized annuity payments for the past, present, and future." Id. ¶ C, Prayer for Relief.

The government has moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. Reiff opposes.

## II.    Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a claim if it lacks subject matter jurisdiction to entertain the claim. "When a defendant files a motion to

dismiss under Rule 12(b)(1) and Rule 12(b)(6), . . . the court must first examine the Rule 12(b)(1) challenges because 'if it must dismiss the complaint for lack of subject[-]matter jurisdiction, the accompanying defenses and objections . . . do not need to be determined.'" Schmidt v. U.S. Capitol Police Bd., 826 F. Supp. 2d 59, 64 (D.D.C. 2011) (second alteration in original) (citations omitted); see also Gen. Motors Corp. v. EPA, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). In evaluating whether it has subject matter jurisdiction, the Court "must construe the complaint liberally, accept all uncontroverted, well-pleaded facts as true, and attribute all reasonable inferences to the plaintiff[]." Tozzi v. EPA, 148 F. Supp. 2d 35, 41 (D.D.C. 2001). If there is no subject-matter jurisdiction, the Court "cannot proceed at all in any cause." Hancock v. Urb. Outfitters, Inc., 830 F.3d 511, 513 (D.C. Cir. 2016) (citation omitted).

B. *Pro Se* Pleading Standards

While a court must "construe a *pro se* plaintiff's filings liberally," Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014), a *pro se* litigant "cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance," Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C. Cir. 1983) (Scalia, J.). Accordingly, "although a court will read a pro se plaintiff's complaint liberally, a pro se complaint . . . must present a claim on which the Court can grant relief." Adams v. U.S. Capitol Police Bd., 564 F. Supp. 2d 37, 40 (D.D.C. 2008) (citation omitted).

III. Analysis

Reiff brings his claims under the FTCA and District of Columbia common law. As explained below, they are barred under both. And even if he had pursued his claims through

3

mechanisms available under the CSRS or the FRSDS, the Court would be powerless to hear them.

    A.  <u>Reiff cannot bring a claim under the FTCA</u>

Reiff cannot bring a claim under the FTCA because both retirement systems at issue offer participants exclusive procedures for challenging benefit determinations.

The procedures available to CSRS participants are set forth in the Civil Service Retirement Act ("CSRA"). 5 U.S.C. §§ 8331 *et seq*. The Office of Personnel Management ("OPM") "adjudicate[s] all claims" related to CSRS benefits. <u>Id.</u> § 8347(b). Any "administrative action or order affecting the rights or interests of an individual" participant may then "be appealed" to the Merit Systems Protection Board ("MSPB"). <u>Id.</u> § 8347(d)(1). If a participant receives an adverse decision from the MSPB, he may then appeal to the U.S. Court of Appeals for the Federal Circuit. <u>Id.</u> § 7703(b)(1)(A).

As for the FRSDS, its dispute-resolution procedures are laid out in the Foreign Service Act. Under the scheme, a "former member of the [Foreign] Service . . . may file a grievance" based on an "alleged denial of an allowance, premium pay, or other financial benefit to which the member claims entitlement under applicable laws or regulations." 22 U.S.C. §§ 4132, 4131(a)(1)(G). A grievance must first be filed with the State Department. <u>See id.</u> § 4134(b). If the Department does not resolve the issue, the grievant may then lodge an appeal with the Foreign Service Grievance Board. <u>Id.</u> §§ 4134(b), 4137. And if the Board comes to an adverse decision, the grievant may obtain "judicial review of a final action . . . in the district courts of the United States under the standards set forth in" the Administrative Procedure Act. <u>Id.</u> § 4140(a).

Where statutes lay out "narrowly tailored" judicial review schemes like these, litigants generally may not use the FTCA as a "means of circumventing" them. <u>Am. Postal Workers</u>

4

Union, AFL–CIO v. USPS, 940 F.2d 704, 708 (D.C. Cir. 1991) (citation omitted).  Courts in this jurisdiction and elsewhere have applied this general principle to bar FTCA claims contesting agency actions related to schemes applying to the civil service with similar processes to the CSRA.  See, e.g., id. at 708–09 (prohibiting a FTCA claim under the Postal Service Reorganization Act, which includes appeal to the MSPB with review by the Federal Circuit); see also Premachandra v. United States, 739 F.2d 392, 394 (8th Cir. 1984) ("Had Congress intended for such decisions to be reviewable in district courts in the context of actions under the Federal Tort Claims Act, it would not have so precisely defined the civil service remedy.").

      The same reasoning applies to claims pertaining to annuity determinations under the FRSDS, which offers a similarly comprehensive review process.  See U.S. Inf. Agency v. Krc, 989 F.2d 1211, 1217 (D.C. Cir. 1993) (the Foreign Service Act "provides a comprehensive system for reviewing personnel action[s] taken against federal employees").  Reiff's FTCA claim is therefore precluded by both statutory review schemes.

      Reiff nonetheless insists that there is "no FTCA preclusion" because he is "not challenging an actual agency *decision* concerning CSRS eligibility determinations for former employee retirement benefits under the CSRA."  See Pl.'s Opp'n ¶ Ia(1).  But Reiff is very much contesting an agency determination concerning his retirement benefits, be it under the CSRA or the FRSDS.  As noted above, he expressly claims that the State Department and OMB's actions resulted in a "hybrid retirement solution[,] the benefits of which were less than those which should have transpired under Plaintiff's original FSRDS deferred annuity application package[.]"

5

Compl. ¶ C. And challenges to individual benefits determinations may not be brought under the FTCA.[2]

The cases Reiff cites in contesting FTCA preclusion are unhelpful to him in any event. For example, in Fornaro v. James, 416 F.3d 63 (D.C. Cir. 2005), which is not a FTCA case, the D.C. Circuit *affirmed* the district court's dismissal for lack of subject matter jurisdiction over a challenge by retired law enforcement officers and firefighters to their disability benefits determinations. The court explained that a district court ruling on the matter would "erode the primacy of the MSPB for resolution of administrative disputes" and undermine the CSRA's purpose to "replace the haphazard arrangements for administrative and judicial review of personnel action." Fornaro, 416 F.3d at 67, 69 (internal quotation marks omitted) (quoting United States v. Fausto, 484 U.S. 439, 444 (1988)). In Price v. United States, where the plaintiff challenged the Department of Veterans Affairs' decision not to reimburse him for certain medical expenses, the D.C. Circuit held that the district court lacked subject matter jurisdiction over a FTCA claim because exercising jurisdiction would "require the court to intrude upon the VA's exclusive jurisdiction." 228 F.3d 420, 422 (D.C. Cir. 2000). And in Monk v. United States, No. 22-cv-1503 (SRU), 2024 WL 1344712 (D. Conn. Mar. 29, 2024), a court in another district found that the VA's administrative review scheme did not preclude an FTCA claim brought by an African-American veteran. But that claim involved allegations of systemic discrimination by the VA in administrating benefits claims from Black veterans rather than the "the individual decisions of VA officials who granted or denied any particular application." Id.

---

[2] As the government notes, if Reiff were not challenging any benefit outcome, he would likely lack a legal injury and, therefore, not have standing to bring this suit. See Def.'s Reply at 1.

at *5.  Reiff makes no such systemic challenge; his claims focus entirely on the handling of his own application.

  B. <u>Sovereign immunity prohibits Reiff's D.C. tort claims</u>

  Reiff also appears to bring independent claims for negligence, negligent supervision, and breach of fiduciary duty under District of Columbia law.  See Compl. ¶¶ 72, 79, 84.  But to the extent he does, District of Columbia law does not provide an independent cause of action for his claims because "suits for damages against the United States under the common law must be brought pursuant to the limited waiver of sovereign immunity in the FTCA[.]"  Benoit v. USDA, 608 F.3d 17, 20 (D.C. Cir. 2010).  As explained above, relief through the FTCA is unavailable here.  The Court will therefore dismiss Reiff's common-law tort claims.

  C. <u>The Court would lack jurisdiction over any challenge to Reiff's CSRS benefits determination brought under the CSRA</u>

  Even if Reiff had challenged his annuity determination directly under the CSRA, the Court would be powerless to entertain it.  As noted above, OPM adjudicates all claims regarding CSRS benefits.  See 5 U.S.C. § 8347(a)–(b).  OPM's decisions may be appealed to the MSPB, with further review in the United States Court of Appeals for the Federal Circuit.  5 U.S.C. § 8347(d)(1).  "Review by OPM/MSPB/Federal Circuit is the exclusive remedy for claims regarding retirement benefits of federal workers" under the CSRA.  Eisenbeiser v. Chertoff, 448 F. Supp. 2d 106, 111–12 (D.D.C. 2006) (collecting cases).

  Reiff resists the statute's clear mandate, arguing that OPM's failure to make a final determination of his claim within six months means that OPM effectively denied the claim, thereby giving this Court subject-matter jurisdiction.  See Compl. ¶ 6 (citing 28 U.S.C. § 2675).  Not so.  Even if the OPM decision were final, Reiff would have to appeal it to the MSPB.  See 5 U.S.C. § 8347(a)–(b).  And even if Reiff received a decision from the MSPB, any appeal of the

MSPB's determination would have to be brought in the Federal Circuit.  In other words, the "CSRA's statutory scheme essentially leaves no room for federal district court review of MSPB decisions[.]"  Hisler v. Gallaudet Univ., 344 F. Supp. 2d 29, 42 (D.D.C. 2004).

### D. Any challenge to Reiff's FRSDS benefits determination would be premature at this stage

By contrast, the Foreign Service Act would channel jurisdiction to this court over a challenge to Reiff's FSRDS benefits determination, but only after Reiff exhausted his administrative remedies and filed suit.  It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938).  A rigorous exhaustion requirement preserves the "autonomy of the administrative agency . . . to exercise its expertise and discretion on appropriate matters," Randolph–Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986), while "promot[ing] effective and efficient judicial review by ensuring that such review is of a fully developed factual record, and undertaken with the benefit of the agency's exercise of discretion or application of expertise," Convertino v. DOJ, 393 F. Supp. 2d 42, 45 (D.D.C. 2005) (citation omitted).

Before Reiff could challenge his benefits determination via the Foreign Service Act, he would have to follow the applicable statutory requirements.  If the State Department did not address his grievance, he could then file an appeal with the Foreign Service Grievance Board.  See 22 U.S.C. §§ 4134–39.  Once the Board came to a decision on appeal, the decision would be final and, at that point, subject to judicial review by the district court under the "standards set forth" in the Administrative Procedure Act.  Id. § 4140(a).  Sitting here today, however, Reiff apparently has not completed any of those steps, and so this Court cannot hear his claims.

8

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order shall accompany this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

DATE: December 4, 2025